Schaefer, Appellee, v. Carroll et al., Appellants.

(No. 8220—Decided March 11, 1957.)

*Messrs. Dinsmore, Shohl, Dinsmore & Todd* and *Mr. Wm. A. Geoghegan,* for appellee.
*Mr. Wm. B. Peterman,* for appellant Carroll.
*Mr. Wm. J. Wise,* for appellant Brose.

Long, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio. The plaintiff filed a petition, in the court below, in which she states that she was the owner of certain land which she acquired from a common grantor with the defendants; that contained in her deed was an easement of the following tenor: "Together with a street easement 50 feet in width over the remaining property of the grantor herein, contiguous to and along the rear 50 ft. of said tract herein conveyed, to the Ohio Pike, for ingress and egress for the rear 200 ft. of the tract herein conveyed." A plat is attached to the petition indicating the alleged parcels owned by plaintiff and the various defendants. Plaintiff claims further that the easement had never been definitely established and the same had been abandoned, if it ever in fact existed. In her prayer, plaintiff asked the court to find that the easement has been abandoned, and that her title as to the easement be quieted against defendants; in the alternative, she prays that if the court should find that the easement still exists, that the court definitely locate such easement by metes and bounds.

Answers and cross-petitions were filed by the appellants, and answers and replies were duly filed thereto.

While it is not important to the decision in this case, subsequently plaintiff, Schaefer, conveyed her interest in the remaining land to Blum, and he was, by entry, substituted as plaintiff.

The docket and journal entries of the trial court indicate the following:

"May 11, 1956. Min 1349 Cause progressed 1st day, continued indefinitely.

"June 26, 1956. Min 2373 Entry quieting title and locating easement."

Various claims are made by the parties hereto as to the conduct of the hearing or hearings had by the court.

From the bill of exceptions, filed in this court, the trial judge seems to indicate that at a time other than the one reported, he ruled that the easement was still in effect and binding on the plaintiff, and that the only thing left for him to decide was the location of the easement by metes and bounds.

There is nothing in the bill of exceptions or docket and journal entries to indicate that there was any hearing or judgment entry deciding this point, except an opinion of the trial court, dated December 7, 1955. No entry was ever made of this finding of the court.

Appellants complain bitterly that the court session on May 11, 1956, was, at best, mere colloquy; that it was not a hearing; and that, although the court indicated that certain deeds were introduced in evidence from which he was to decide the metes and bounds description of the easement, yet the case was adjourned indefinitely. Appellants claim that the trial court put on the final entry in the case "without having fully heard the issues"; that the final entry was the result of a letter sent to the trial judge by Messrs. Dinsmore, Shohl, Sawyer & Dinsmore, representing the owner of the servient estate, in which the owner elected to designate the location of the easement; and that this letter is dated May 28, 1956, seventeen days after the hearing held on May 11, 1956. The final and only judgment entry was made June 26, 1956.

It is the contention of appellants that the court was with-

out authority to place of record the entry of June 26, 1956; among other reasons, because the issue of the reasonableness of the location, elected by the owner of the servient estate, was open to dispute by appellants. With this view of appellants, this court agrees. The bill of exceptions shows an adjournment indefinitely; there was no submission of the issues, particularly on the election, because, at the time of adjournment, there was no election. In 17A American Jurisprudence, 716, Section 108, we find the law well stated: ''Right of Servient Owner to Select Route.—As in the case of easements generally, the rule has been established that the right to select the location of a way of necessity belongs to the owner of the servient estate, provided he exercises the right in a reasonable manner, with regard to the convenience and suitability of the way and to the rights and interests of the owner of the dominant estate.''

Appellants claim not only that they were deprived of their right to offer evidence on the unreasonableness of the location of the easement, as elected by appellee, but that the letter sent to the trial court by counsel for appellee, a copy of which is attached to the brief of appellee, is no part of the bill of exceptions. With this contention, this court agrees.

The judgment of the Court of Common Pleas is reversed, and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.